UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LORUSSO,

                              Petitioner,

            -against-

BOB GUALTIERI, PINELLAS COUNTY
SHERIFF,

                              Respondent.

26-CV-5644 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently confined at the North Florida Evaluation Treatment Center in Gainesville, Florida, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in which he appears to challenge the legality of his detention. For the following reasons, this petition is transferred to the United States District Court for the Northern District of Florida.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently confined at the North Florida Evaluation Treatment Center in Gainesville, Florida, in Alachua County, which is located in the judicial district of the United States District Court for Northern District of Florida. Therefore, in the interest of justice, this Court transfers this petition to the Northern District of Florida. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Florida. Whether Petitioner should be permitted to proceed further

without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 6, 2026
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

2