**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

MICHEAL LORUSSO,

Petitioner,

v. Case No. 1:26-cv-166-AW-MJF

BOB GUALTIERI,

Respondent.
_________________________________/

## REPORT AND RECOMMENDATION

Because Petitioner has failed to comply with a court order, failed to submit the filing fee or a completed motion to proceed *in forma pauperis*, and failed to prosecute this action, the District Court should dismiss this civil action.

### BACKGROUND

Petitioner has filed many frivolous cases in the Northern District of Florida. Accordingly, on October 14, 2025, Judge T. Kent Wetherell, II, directed the clerk of the court in Petitioner's subsequent cases to return to Petitioner without filing any documents seeking habeas relief that were not accompanied by the filing fee or a complete motion for leave to

proceed *in forma pauperis*. *LoRusso v. Sec'y of Families & Children Services*, No. 1:25-cv-281-TKW-HTC, ECF No. 6 at 2 n.1 (N.D. Fla. Oct. 14, 2025).

On July 1, 2026, in an obvious attempt to evade the effect of Judge Wetherell's order, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York. Doc. 1. Petitioner did not pay the filing fee or move for leave to proceed *in forma pauperis*.

Because venue was improper in the Southern District of New York, that court transferred the civil action to the United States District Court for the Northern District of Florida. On July 20, 2026, the clerk of this court sent Petitioner a "Notice," which states:

> If you have not already paid the filing fee or filed a motion for leave to proceed *in forma pauperis*, you must immediately pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."); N.D. Fla. Loc. R. 41.1 (authorizing dismissal of a civil action when a party fails to comply with a court rule).

Doc. 5 ¶ 1.

On August 12, 2026, the undersigned ordered Petitioner to show cause why this case should not be dismissed for failure to pay the filing fee and failure to comply with the Local Rules. Doc. 6. The undersigned also ordered Petitioner to submit the filing fee or a properly completed motion to proceed *in forma pauperis* with his response. *Id.* The undersigned imposed a compliance deadline of August 26, 2026, and warned Petitioner that the failure to comply likely would result in dismissal of this civil action. Petitioner has not complied with that order.

## DISCUSSION

"The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee" and may collect administrative fees. 28 U.S.C. § 1914; *see* N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to *proceed in forma pauperis* under 28 U.S.C. § 1915.").

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a party fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Here, Petitioner has failed to comply with a court order and has failed to pay the filing fee. Petitioner has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action.

2. **DIRECT** the clerk of the court enter judgment accordingly and close this case file.

At Pensacola, Florida, this 4th day of September 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**